UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



RICHARD ANDRE LOCKETT,

        Plaintiff,

-against-

CITY OF MIDDLETOWN; ORANGE COUNTY;
CITY OF MIDDLETOWN POLICE
DEPARTMENT; MICHAEL T. McDONALD; P.O.
NICHOLAS PESOLA; P.O. TRAPINI; P.O.
NAPOLITANO, ALL IN BOTH THEIR
OFFICIAL AND INDIVIDUAL CAPACITIES;
JOHN AND JANE DOE POLICE OFFICER 1-50
INCLUSIVE; ALL UNKNOWN ENTITIES,
JOINTLY AND SEVERALLY,

        Defendants.

19-CV-8255 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

    Plaintiff, currently incarcerated in the Orange County Jail, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated September 10, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A. City of Middletown Police Department

Plaintiff's claims against the City of Middletown Police Department must be dismissed because city agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

### B. Service on the City of Middletown; Orange County; P.O. Michael J. McDonald, Shield No. 1226; P.O. Nicholas Pesola; P.O. Trapini; and P.O. Napolitano

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be

issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants the City of Middletown; Orange County; P.O. Michael J. McDonald, Shield No. 1226; P.O. Nicholas Pesola; P.O. Trapini; and P.O. Napolitano through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### C. Doe Defendants

Because Plaintiff does not make any allegations against the Doe Defendants and does not supply sufficient information to permit the attorney for or agent of the Doe Defendants to identify them, the Court declines, at this time, to issue an order under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (a *pro se* litigant is entitled to assistance from the district court in identifying a defendant), seeking the identities of the Doe Defendants.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the City of Middletown Police Department. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for the City of Middletown; Orange County; P.O. Michael J. McDonald, Shield No. 1226; P.O. Nicholas Pesola; P.O. Trapini; and P.O. Napolitano, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated: September 20, 2019
White Plains, New York

SO ORDERED.

_____
NELSON S. ROMÁN
United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES

1. The City of Middletown
   16 James Street
   Middletown, New York 10940

2. Orange County
   255 Main Street
   Goshen, New York 10924

3. P.O. Michael J. McDonald, Shield No. 1226
   2 James Street
   Middletown, New York 10940

4. P.O. Nicholas Pesola
   2 James Street
   Middletown, New York 10940

5. P.O. Trapini
   2 James Street
   Middletown, New York 10940

6. P.O. Napolitano
   2 James Street
   Middletown, New York 10940