UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD ANDRE LOCKETT,

                          Plaintiff,

          -against-

CITY OF MIDDLETOWN, et al.,

                          Defendants.

**MEMORANDUM OPINION
AND ORDER**

19-CV-08255 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff Richard Andre Lockett ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action against, *inter alia*, the City of Middletown ("City"), and Middletown Police Officers Michael J. McDonald ("McDonald"), Nicholas Pesola ("Pesola"), Trapini ("Trapini"), and Napolitano ("Napolitano," and collectively, "Defendants")[1] for conduct linked to Plaintiff's April 21, 2019 arrest.[2] (Doc. 2, "Compl."). Although Plaintiff does not list clearly his claims for relief, the Court construes the Complaint liberally and interprets the pleading to press three general species of claims. The first group, advanced under 42 U.S.C. § 1983, pertains to the Individual Defendants' purported violations of Plaintiff's First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights. The second category—building on the first—concerns the City's liability for the Individual Defendants' constitutional violations. The third and final variety consists of miscellaneous claims under New York State law. (Compl. at 2, 7).

---

[1] McDonald, Pesola, Trapini, and Napolitano are referred to collectively as the "Individual Defendants."

[2] Plaintiff also named the City of Middletown Police Department ("City PD"), Orange County ("County"), and John and Jane Doe Police Officers ("Does") as Defendants in this action. Judge Román dismissed the City PD from this action *sua sponte* on September 20, 2019 (Doc. 6 at 2), and the County was dismissed from this action on consent on July 2, 2020 (Doc. 34). Insofar as the Does, Judge Román declined to issue an order under *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) because "Plaintiff does not make any allegation against the Doe Defendants and does not supply sufficient information . . . to identify them . . . ." (Doc. 6 at 3).

Defendants filed a motion seeking "an Order dismissing the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure" as against them on May 27, 2020. (Doc. 21; Doc. 23, "Def. Br."). Defendants' motion is supported by a Declaration, signed by counsel, which attached extraneous documents that were referenced in, integral to, or relied upon in bringing, this action. (Doc. 22, "Smith Decl.").[3] Defendants served Plaintiff with a copy of their motion papers (Doc. 24), but the Court has received no correspondence from Plaintiff since June 22, 2020 (Doc. 29).[4] Accordingly, the Court deems the motion unopposed.

For the reasons set forth below, Defendants' motion to dismiss is GRANTED.

## BACKGROUND

Plaintiff was on North Street in Middletown, New York, when an SUV came to a sudden stop alongside him at approximately 2:00 p.m. on April 21, 2019. (Compl. at 5). Plaintiff ran from the vehicle and, as he fled, a police dog gave chase. (*Id.*). Plaintiff tried to evade his pursuers by

---

[3] The Declaration provides four extraneous documents for the Court's consideration. (*See* Smith Decl.). Those documents are copies of: (1) the Middletown City Court Certificate of Disposition for *People v. Lockett*, No. CR-02267-19, reflecting an arrest date of April 21, 2019 (Doc. 22-2, "Cert. of Disp."); (2) the Middletown City Court Sentence and Commitment for *People v. Lockett*, No. CR-02267-19, reflecting an arrest date of April 21, 2019 (Doc. 22-3, "S&C"); (3) Plaintiff's July 3, 2019 Notice of Clam (Doc. 22-4); and (4) a July 22, 2019 letter from Plaintiff's former counsel to Plaintiff (Doc. 22-5). The Court considers the Certificate of Disposition as well as the Sentence and Commitment because it may do so at this stage properly. *See Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. 2014) ("[T]he Court is entitled to consider facts alleged the complaint and documents attached to it or incorporated in it by reference, documents 'integral' to the complaint and relied upon in it, and facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence."); *Manley v. Utzinger*, No. 10-CV-2210, 2011 WL 2947008, at *1 n.1 (S.D.N.Y. July 21, 2011) ("The Court may consider any . . . documents possessed by or known to the plaintiff and upon which the plaintiff relied in bringing the suit."); *see also Luck v. Westchester Med. Ctr.*, No. 17-CV-9110, 2020 WL 564635, at *5 (S.D.N.Y. Feb. 4, 2020) ("Plaintiff's guilty plea and the Certificate of Disposition in the criminal matter that forms the basis of this lawsuit are clearly integral to the Amended Complaint."); *Harris v. Howard*, No. 08-CV-4837, 2009 WL 3682537, at *2 (S.D.N.Y. Oct. 30, 2009) (noting that "it is well established that a district court may rely on matters of public record . . . including arrest reports, criminal complaints, indictments, and criminal disposition data"(internal quotation marks omitted)). Given the conclusions reached herein, the Court need not and does not consider the Notice of Claim or the July 22, 2019 letter.

[4] Notably, that communication was one wherein Plaintiff requested an extension of thirty days to oppose the motion to dismiss. (Doc. 29). The Court granted that request. (Doc. 30; *see also* Doc. 31).

scaling a fence, but the canine "bit [the] lower part of [Plaintiff's] leg," thereby halting Plaintiff's escape. (*Id*.). The dog restrained Plaintiff until an unidentified "Middletown Police Officer threw [him] down on to [sic] the ground." (*Id*.). Plaintiff alleges that he landed on his "hands and stomach," and that that the dog continued "chewing . . . [his] leg" as he was being handcuffed. (*Id*.). Plaintiff lost consciousness "before the dog was taken off [him]," but came to inside the Middletown Police Station. (*Id*.). Plaintiff notes that he was "[a]rrested without any *Miranda* Rule Notice Warning" and that somebody at the police station was going to call an ambulance.[5] (*Id*.).

Plaintiff maintains that the dog "ripped loose [his] skin and muscle tissue, resulting in twenty-seven (27) staples, a major skin graft and permanent nerve damage," that his wounds have become infected, that he cannot feel two of his toes, and that he was wheelchair-bound for "months." (Compl. at 6). Plaintiff insists that all of his "physical and mental damages are the direct result of" the dog used to detain him. (*Id*.). Plaintiff avers also, without elaboration, that McDonald "commit[ted] perjury in his bogus misdemeanor complaints of 4-21-2019." (*Id*.).

## STANDARD OF REVIEW

A Rule 12(b)(6) motion enables a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

---

[5] Whether an ambulance was actually called is not specified. (*See generally* Compl.).

has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556). The factual allegations pled "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted). Because *pro se* plaintiffs "'are often 'unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Justice*, 218 F. Supp. 2d 357, 361 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). While "[*p*]*ro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*," dismissal is proper "where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cty.*, No. 12-CV-6718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . 'although a court must accept as true

4

all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and

threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice.'" (quoting *Harris*, 572 F.3d at 72)).

Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's]

complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*,

618 F.3d at 170. The Court has also a duty to interpret "the pleadings of a *pro se* plaintiff liberally

and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*,

174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

Moreover, when deciding an unopposed motion to dismiss (as is the case here):

> the Court is to "assume the truth of a pleading's factual allegations
> and test only its legal sufficiency. Thus, although a party is of course
> to be given a reasonable opportunity to respond to an opponent's
> motion, the sufficiency of a complaint is a matter of law that the
> court is capable of determining based on its own reading of the
> pleading and knowledge of the law."

*Law v. Corizon Med. Servs.*, No. 13-CV-5286, 2014 WL 2111675, at *3 (S.D.N.Y. May 12, 2014)

(quoting *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000)). As such, it is appropriate for the

Court to test the legal sufficiency of the Complaint even without the benefit of a brief in opposition

to the motion to dismiss.

## **ANALYSIS**

I.   Failure to State a Claim Under 42 U.S.C. § 1983 Against the Individual Defendants

As mentioned previously, Plaintiff seeks to pursue a variety of claims for relief under 42

U.S.C. § 1983 against the Individual Defendants. (*See* Compl. at 2). That statute provides, in

pertinent part, that "[e]very person who, under color of any statute . . . subjects, or causes to be

subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or

immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42

5

U.S.C. § 1983. "[T]his language does not create substantive rights; rather, it creates a mechanism by which individuals can vindicate the violation of rights secured elsewhere." *Santucci v. Levine*, No. 17-CV-10204, 2021 WL 76337, at \*3 (S.D.N.Y. Jan. 8, 2021). As such, in each permutation of a claim under that law, "a plaintiff must demonstrate: '(1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under color of state law, or a state actor.'" *Town & Country Adult Living, Inc. v. Vill./Town of Mount Kisco*, No. 17-CV-8586, 2019 WL 1368560, at \*17 (S.D.N.Y. Mar. 26, 2019) (quoting *Walker v. Clemson*, No. 11-CV-9623, 2012 WL 2335865, at \*3 (S.D.N.Y. June 20, 2012), *adopted by* 2012 WL 3714449 (S.D.N.Y. Aug. 28, 2012)).[6]

A. Pesola, Trapini, and Napolitano

As a fundamental prerequisite, "[t]o establish a § 1983 claim, a plaintiff must show the defendants' personal involvement in the alleged constitutional violation." *Boley v. Durets*, 687 F. App'x 40, 41 (2d Cir. 2017) (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)); *see also Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (noting that supervisory liability requires that the "defendant, through the official's own individual actions, has violated the Constitution" (quoting *Iqbal*, 556 U.S. at 676)); *Greene v. Sampson*, No. 18-CV-06103, 2021 WL 355477, at \*4 (S.D.N.Y. Feb. 2, 2021). Failing to allege that a defendant was personally involved in, or responsible for, the conduct complained of renders a complaint "fatally defective on its face." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987) (internal quotation marks omitted).

---

[6] Plaintiff appears also to press a claim under 42 U.S.C. § 1981. (Compl. at 2). This claim is not viable, however, because "§ 1981 does not provide a separate private right of action against state actors. A claim under § 1983 is the exclusive federal remedy for alleged violation of rights guaranteed in 42 U.S.C. § 1981 by state governmental units or state actors." *Keesh v. Quick*, No. 19-CV-08942, 2021 WL 639530, at \*5 (S.D.N.Y. Feb. 17, 2021) (internal citations and quotation marks omitted).

In this case, the Complaint literally lacks any explanation as to how Pesola, Trapini, or Napolitano were involved in any violation of Plaintiff's rights; in fact, these three individuals are mentioned nowhere except in the case caption and in the list of Defendants. (*See generally* Compl.). As Plaintiff provided absolutely no facts upon which the Court could infer that Pesola, Trapini, or Napolitano interacted with Plaintiff at all—let alone participated in any violation of any kind—the Section 1983 claims pressed against these Defendants are dismissed for failure to plead their personal involvement.

B. McDonald

McDonald, the only Individual Defendant referenced substantively, is alleged to have done only one thing: "commit[] perjury in his bogus misdemeanor complaints of 4-21-2019." (Compl. at 6). That single sentence constitutes all the facts pled regarding McDonald's conduct. Construing this sentence broadly, the statement suggests claims for false arrest and malicious prosecution against McDonald under 42 U.S.C. § 1983. Neither claim for relief can survive.

"A false arrest claim under Section 1983 'incorporates the elements of the state law where the arrest took place'—here, New York." *Johnson v. City of New York*, No. 18-CV-6256, 2020 WL 2732068, at *3 (S.D.N.Y. May 26, 2020) (quoting *Youngblood v. City of New York*, No. 15-CV-3541, 2019 WL 6216498, at *5 (S.D.N.Y. Nov. 21, 2019)). Accordingly, to state a claim for false arrest under Section 1983, Plaintiff must plead "that (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement[,] and (4) the confinement was not otherwise privileged." *Jocks v. Tavernier*, 316 F.3d 128, 134-35 (2d Cir. 2003) (internal quotation marks omitted). "[P]robable cause is an absolute defense to a false arrest claim." *Stansbury v. Wertman*, 721 F.3d 84, 89 (2d Cir. 2013) (quoting *Torraco v. Port Auth. of New York & New Jersey*, 615 F.3d 129, 139 (2d Cir. 2010)

7

(alteration in original)); *see also Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) (noting that "[p]robable cause is a complete defense to an action for false arrest" (internal quotation marks omitted)); *Kilburn v. Vill. of Saranac Lake*, 413 F. App'x 362, 363 (2d Cir. 2011).

In a separate but related vein, a claim for malicious prosecution under Section 1983 requires Plaintiff to plead five elements: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; . . . (4) actual malice as a motivation for defendant's actions," *Frost v. New York City Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020) (internal quotation marks omitted), and "(5) a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights," *Rohman v. New York City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000). As with false arrest, "the existence of probable cause is a complete defense to a claim of malicious prosecution . . . ." *Frost*, 980 F.3d at 242 (quoting *Stansbury*, 721 F.3d at 94-95).

Assuming that Plaintiff intended to plead both a false arrest and a malicious prosecution claim against McDonald stemming from the April 21, 2019 arrest, the claims fail for two reasons. First, the lone, conclusory sentence about McDonald's unspecified misrepresentations is insufficient to state either claim for relief. *See, e.g.*, *Grullon v. Admin. for Children's Servs.*, No. 18-CV-3129, 2021 WL 981848, at *11 (S.D.N.Y. Mar. 16, 2021); *Hall v. Salaway*, No. 20-CV-4651, 2021 WL 826169, at *3-4 (E.D.N.Y. Mar. 3, 2021). Second, Plaintiff was convicted after trial of Resisting Arrest, a Class A Misdemeanor, as a result of his arrest on April 21, 2019. (Cert. of Dep.; S&C); N.Y. Penal Law § 205.30. That undisturbed conviction precludes any claim for false arrest or malicious prosecution as a matter of law. *See Corsini v. Brodsky*, 731 F. App'x 15, 18 (2d Cir. 2018) (concluding that plaintiff's "conviction of one charge stemming from that [arrest] necessarily establishes probable cause for both that arrest and the ensuing prosecution");

*Washington-Steele v. City of New York*, No. 18-CV-7431, 2020 WL 4017938, at *3 (S.D.N.Y. July 16, 2020) (observing that "[b]ecause Plaintiff was convicted of the offenses underlying his arrest and prosecution and his conviction remains valid, he cannot plausibly allege either a false arrest or malicious prosecution claim as a matter of law").[7]

Consequently, to the extent Plaintiff sought to plead claims of false arrest and malicious prosecution against McDonald, the claims are dismissed for failure to state a claim.

II.   Failure to State a Claim Under 42 U.S.C. § 1983 Against the City

Under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) and its progeny, a municipality may be held liable where a plaintiff's constitutional rights are violated because of a municipal policy or custom. *See Jimenez v. City of New York*, No. 18-CV-7273, 2020 WL 1467371, at *3 (S.D.N.Y. Mar. 26, 2020) ("Plaintiff must plead allegations that 'the government body *itself* subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation.'" (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original)). "[T]o prevail on a claim against a municipality under section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the injury." *Triano v. Town of Harrison, New York*, 895 F. Supp. 2d 526, 531 (S.D.N.Y. 2012) (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008)). Such a claim "cannot lie in the absence of an underlying constitutional violation." *Galgano v. Cty.*

---

[7] To the extent Plaintiff sought to plead claims for false arrest or malicious prosecution under New York State law, the claims would be dismissed for the same reasons. *See, e.g.*, *Hall v. Salaway*, No. 20-CV-4651, 2021 WL 826169, at *3 (E.D.N.Y. Mar. 3, 2021) (probable cause defeats false arrest claim under New York law); *Burns v. City of New York*, 120 N.Y.S.3d 360, 362 (App. Div. 2020) ("The existence of probable cause constitutes a complete defense to causes of action alleging false arrest and malicious prosecution . . . ."); *Swinton v. City of New York*, 877 N.Y.S.2d 68, 69 (App. Div. 2009) (noting that malicious prosecution is "not viable in light of petitioner's conviction").

*of Putnam*, No. 16-CV-3572, 2020 WL 3618512, at *9 (S.D.N.Y. July 2, 2020) (quoting *DeRaffele v. City of New Rochelle*, No. 15-CV-282, 2017 WL 2560008, at *6 (S.D.N.Y. June 13, 2017)).

As outlined above, Plaintiff failed to state a claim for the violation of a constitutional right; as such, any *Monell* claim against the City must likewise be dismissed. *See Schultz v. Inc. Vill. of Bellport*, 479 F. App'x 358, 360 (2d Cir. 2012) ("Because [the plaintiff] was unable to establish an underlying violation of his constitutional rights . . . his . . . *Monell* claim necessarily fail[s] as well."); *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* was entirely correct.").[8]

III.   Failure to State Claims Under New York State Law

Apart from Plaintiff's allegations regarding the violation of his rights under the United States Constitution, he appears also to press claims against the Individual Defendants for defamation, negligence, intentional infliction of emotional distress ("IIED"), and violations of unidentified rights guaranteed by the New York State Constitution. These claims must be dismissed as well.

A.   Defamation

"In New York, '[d]efamation is the making of a false statement which tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society.'" *Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017) (quoting *Stepanov v. Dow Jones & Co.*, 987

---

[8] Even if Plaintiff pled sufficiently a constitutional violation attributable to a City employee, the claim for relief would nevertheless fail for lack of facts supporting the existence of a municipal policy or practice. *See, e.g.*, *Smith v. Westchester Cty.*, No. 19-CV-1283, 2019 WL 5816120, at *5 (S.D.N.Y. Nov. 7, 2019) (dismissing *Monell* claim where plaintiff "describe[d] only his own experiences"); *Oriental v. Vill. of Westbury*, No. 18-CV-3878, 2019 WL 4861413, at *4 (E.D.N.Y. Oct. 2, 2019) (dismissing *Monell* claim where "the complaint contain[ed] only a detailed account of plaintiffs' own experiences").

N.Y.S.2d 37, 41 (App. Div. 2014)). In order to state this claim, Plaintiff must allege: "(1) a false statement about the plaintiff; (2) published to a third party without authorization or privilege; (3) through fault amounting to at least negligence on [the] part of the publisher; (4) that either constitutes defamation per se or caused special damages." *Thai v. Cayre Grp., Ltd.*, 726 F. Supp. 2d 323, 329 (S.D.N.Y. 2010) (alteration in original, internal quotations omitted). "A defamation claim is only sufficient if it adequately identifies the purported communication, and an indication of who made the communication, when it was made, and to whom it was communicated." *Id.* (internal quotations omitted). Under Federal Rule of Civil Procedure 8, Plaintiff must "identify the allegedly defamatory statements, the person who made the statements, the time when the statements were made, and the third parties to whom the statements were published." *Alvarado v. Mount Pleasant Cottage Sch. Dist.*, 404 F. Supp. 3d 763, 790 (S.D.N.Y. 2019) (citing *Neal v. Asta Funding, Inc.*, No. 13-CV-2176, 2014 WL 3887760, at *3 (S.D.N.Y. June 17, 2014)).

The Complaint is devoid of any facts supporting any element of a claim for defamation. The closest Plaintiff comes is suggesting that McDonald lied in the "misdemeanor complaints of 4-21-2019." (Compl. at 6). Yet, even if the Court assumes that Plaintiff meant to allege a defamation claim based on the representations McDonald made in criminal court filings, "[a]rresting [o]fficers may not be held liable for any allegedly defamatory statements in their criminal complaints, because individuals participating in a public function such as judicial proceedings are afforded protection from liability by an absolute immunity." *Grant v. City of Syracuse*, No. 15-CV-445, 2017 WL 5564605, at *11 (N.D.N.Y. Nov. 17, 2017) (internal quotation marks omitted).

The defamation claim is, therefore, dismissed.

B.  <u>Negligence</u>

"The elements of a negligence claim under New York law are: '(i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach.'" *Pasternack v. Lab'y Corp. of Am. Holdings*, 807 F.3d 14, 19 (2d Cir. 2015) (quoting *Lombard v. Booz-Allen & Hamilton, Inc.,* 280 F.3d 209, 215 (2d Cir. 2002)). Plaintiff offers no facts to support any of these elements; moreover, "New York law does not allow a plaintiff to assert a general negligence claim arising out of an allegedly false arrest or malicious prosecution." *White v. City of New York*, No. 17-CV-2404, 2019 WL 1428438, at *11 (S.D.N.Y. Mar. 29, 2019) (citing *Watson v. United States*, 865 F.3d 123, 134 (2d Cir. 2017); *Croft v. Greenhope Servs. for Women, Inc.*, No. 13-CV-2996, 2013 WL 6642677, at *7 (S.D.N.Y. Dec. 17, 2013)).

The negligence claim is, accordingly, dismissed.

C.  <u>Intentional Infliction of Emotional Distress</u>

In order for Plaintiff to plead a claim for IIED under New York law, he must allege: "(1) extreme and outrageous conduct, measured by the reasonable bounds of decency tolerated by society; (2) intent to cause or disregard of a substantial probability of causing severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." *Margrabe v. Sexter & Warmflash, P.C.*, 353 F. App'x 547, 550 (2d Cir. 2009) (internal quotation marks omitted). "When pleading intentional infliction of emotional distress, the bar is extremely high, and this highly disfavored cause of action is almost never successful." *Spencer v. Lab'y Corp. of Am. Holdings*, No. 19-CV-04927, 2020 WL 7024381, at *6 (E.D.N.Y. Nov. 30, 2020) (quoting *Sesto v. Slaine*, 171 F. Supp. 3d 194, 201-02 (S.D.N.Y. 2016)). Where, as here, the claim is linked to an arrest, a viable claim "requires that 'the arrest or prosecution [be] accompanied by extreme and outrageous conduct, which so transcends the bounds of decency as

12

to be regarded as atrocious and intolerable in a civilized society.'" *Regeda v. City of New York*, No. 09-CV-5427, 2012 WL 7157703, at *13 (E.D.N.Y. Sept. 7, 2012) (quoting *Mejia v. City of New York*, 119 F. Supp. 2d 232, 278 (E.D.N.Y. 2000) (alteration in original)), *adopted by* 2013 WL 619567 (E.D.N.Y. Feb. 19, 2013).

Plaintiff has pled no specific conduct committed by any Individual Defendant that would constitute such "extreme and outrageous conduct." *See LeClair v. Raymond*, No. 19-CV-0028, 2020 WL 5027278, at *15 (N.D.N.Y. Aug. 25, 2020) (dismissing IIED claim because plaintiff did not specify the outrageous conduct); *Stevens v. New York*, 691 F. Supp. 2d 392, 399 (S.D.N.Y. 2009) (dismissing IIED claims because plaintiff did not identify specific conduct); *see also Santos v. Barber*, No. 17-CV-6475, 2017 WL 6409152, at *7 (W.D.N.Y. Dec. 15, 2017) (dismissing claim for IIED where allegations concerned merely an arrest and prosecution without probable cause). The claim for intentional infliction of emotional distress is therefore dismissed.[9]

### D.  Violations of the New York State Constitution

Finally, Plaintiff makes a passing reference to the New York State Constitution (Compl. at 7), but offers no elaboration or explanation as to the rights he seeks to vindicate (*see generally id.*). Notably, "[i]t is a common view among District Courts in this Circuit . . . that there is no right of action under the New York State Constitution for claims that can be brought under § 1983."

---

[9] Insofar as Plaintiff may seek to state a claim for negligent infliction of emotional distress, that claim would not survive because such a claim: (1) requires, as a perquisite, outrageous conduct (which has not been pled), *see Vail v. City of New York*, No. 18-CV-9169, 2020 WL 127639, at *4 (S.D.N.Y. Jan. 10, 2020); and (2) cannot proceed where it is based on intentional conduct (*i.e.*, an arrest), *see Regeda*, 2012 WL 7157703, at *13. Additionally, although not argued by Defendants, claims for intentional or negligent infliction of emotional distress must be dismissed to the extent they fall within the ambit of other tort claims. *See Truman v. Brown*, 434 F. Supp. 3d 100, 118-19 (S.D.N.Y. 2020); *Casaccia v. City of Rochester*, No. 17-CV-06323, 2018 WL 324420, at *8 (W.D.N.Y. Jan. 8, 2018); *DeVito v. Barrant*, No. 03-CV-1927, 2005 WL 2033722, at *9 (E.D.N.Y. Aug. 23, 2005) (explaining that the claims for intentional and negligent infliction of emotional distress were dismissed "because the conduct underlying the claim[s] falls within the ambit of traditional tort liability and [was] included in plaintiff's claims for assault and battery" (first alteration in original, internal quotation marks omitted)).

*Gounden v. City of New York*, No. 14-CV-7411, 2015 WL 5793625, at *5 n.3 (E.D.N.Y. Oct. 2, 2015); *see also Forbes v. City of Rochester*, No. 18-CV-06700, 2020 WL 1963139, at *7 (W.D.N.Y. Apr. 6, 2020) ("[W]here a complaint alleges no theories of liability that are cognizable exclusively under the New York State Constitution, any claims brought under the state constitution are ordinarily dismissed." (internal quotation marks omitted)); *Hershey v. Goldstein*, 938 F. Supp. 2d 491, 520 (S.D.N.Y. 2013) ("District courts in this circuit have consistently held that there is no private right of action under the New York State Constitution where, as here, remedies are available under § 1983." (internal quotation marks omitted)).

As there appears to be no difference between the rights that Plaintiff seeks to vindicate by way of 42 U.S.C. § 1983 and those contained in the New York State Constitution, the claims pressing violations of the New York State Constitution are dismissed.[10]

## CONCLUSION

Based upon the foregoing, Defendants' motion to dismiss is GRANTED without prejudice. Should he be so advised, Plaintiff may file an Amended Complaint within thirty days from the date of this Order to address exclusively the pleading deficiencies identified herein. Failure to file an Amended Complaint within thirty days will result in dismissal of the claims for relief against Defendants with prejudice and the termination of this action. Plaintiff is reminded that if he chooses to file an Amended Complaint, the Amended Complaint will completely replace—not supplement—the Complaint. Therefore, any facts or claims that Plaintiff wishes to maintain must be included in the Amended Complaint.

---

[10] Defendants argue also, specifically in the alternative, that certain claims are barred by Plaintiff's failure to include them in his Notice of Claim. (Def. Br. at 13-16). Given the conclusions reached herein, the Court need not and does not address Defendants' alternative argument.

The Clerk of the Court is respectfully directed to mail a copy of this Memorandum Opinion and Order to Plaintiff and terminate the motion sequence pending at Doc. 21.

**SO ORDERED:**

Dated:    White Plains, New York
          March 22, 2021

PHILIP M. HALPERN
United States District Judge